# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2028 | **DATE** | 8/21/2002 |
| **CASE TITLE** | REID M. PAXSON vs. COUNTY OF COOK, ILL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 9/11/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted in part and denied in part. Defendant Cook County Juvenile Temporary Detention Center is dismissed; Defendant Clara Collins is dismissed; and Plaintiff's request for punitive damages is dismissed from Counts I and II.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 2 3 2002 | 7 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REID M. PAXSON ) | **DOCKETED** |
| ) | |
| Plaintiff, ) | AUG 2 3 2002 |
| ) | |
| v. ) | |
| ) | No. 02 C 2028 |
| COUNTY OF COOK, ILLINOIS ) | |
| COOK COUNTY JUVENILE TEMPORARY ) | Judge John W. Darrah |
| DETENTION CENTER, and CLARA B. ) | |
| COLLINS, as an individual and in her ) | |
| Official Capacity. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reid Paxson ("Paxson"), filed suit against Defendants, County of Cook, Illinois, ("Cook County"), Cook County Juvenile Temporary Detention Center ("CCJTDC"), and Clara B. Collins ("Collins"). Count I alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* ("Title VII"). Count II alleges racial harassment under Title VII. Count III alleges the common law tort of intentional infliction of emotional distress ("IIED"). Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as well as Defendants' Motion to Dismiss Plaintiff's prayer for punitive damages.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to

7

relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs are not required to allege all of the facts underlying their claims in the complaint. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz v. Sorema*, 122 S.Ct. 992, 996 (2002) (*Swierkiewicz*); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (*Higgs*).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

In July 1997, Paxson, a white male, commenced employment with Cook County as a "Business Manager II" and was assigned to CCJTDC at its Chicago facility. Approximately four years later, in June 2001, Paxson began receiving different treatment than similarly situated, non-white employees. Specifically, he alleges that he was subjected to racial harassment, including being accused of conducting Klu Klux Klan ("KKK") activities at the CCJTDC. Plaintiff alleges that Collins conveyed false accusations of his alleged KKK activities to numerous other employees and CCJTDC administrators. Additionally, unknown coworkers at CCJTDC painted racial epithets and allegations of KKK involvement on the wall of his office at CCJTDC's Chicago facility. At no point did Collins either investigate Paxson's alleged KKK connections, nor did she initiate any disciplinary actions against the perpetrators.

As a result of the behavior of his coworkers and supervisor at CCJTDC, Paxson suffered severe emotional distress, requiring medical treatment and a medical leave of absence from his employment. Paxson filed a grievance pursuant to internal departmental procedure and made requests for Cook County officials to investigate his allegations. At the time of the filing of the Complaint, Paxson has not received a response to any of his grievances or investigation requests.

On February 7, 2002, Paxson received a Notice of Right to Sue from the United States Department of Justice.

**Motion to Dismiss CCJTDC**

Defendants' argue that the claim against CCJTDC should be dismissed because it is a non-suitable entity. Plaintiff does not contest the dismissal of the CCJTDC in his response brief.

Capacity to be sued is determined by the forum state's law. Fed. R. Civ. P. 17(b). Since CCJTDC is located in Illinois, the court must look to Illinois law to determine whether it is a suable entity. Pursuant to Illinois law, defendants must have "legal existence, either natural or artificial." *Glass v. Fairman*, 992 F.Supp. 1040, 1043 (N.D. Ill. 1998) (*quoting Bailes v. Streator Police Dept.*, No. 96 C 5610, 1997 WL 162907, at *3 (N.D. Ill. Mar. 27, 1997)). The CCJTDC is a department within Cook County, with no legal existence, and, therefore, is not a suable entity. Accordingly, the CCJTDC is dismissed.

**Motion to Dismiss Title VII Claims Against Clara Collins**

Defendants argue that the Title VII claim against defendant Collins should be dismissed because Collins is an improper defendant under Title VII.

For liability for employment discrimination to be imposed on an individual under Title VII, the individual must independently qualify as an employer under Title VII. *See Patel v. Board of Governors of State College and Universities*, No. 92 C 8300, 1997 WL 399644 at *2 (N.D. Ill. July 11, 1997). In *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995), the Seventh Circuit held that a supervisor is not a proper defendant in a Title VII action; the suit must proceed against the employer as an entity rather than against a natural person. *See Carver v. Sheriff of LaSalle County, Illinois*, 243 F.3d 379, 381 (7th Cir. 2001).

In the instant case, Plaintiff does not allege that Collins is an employer as defined by Title VII. The Complaint states that "Collins is employed by the County of Cook as Superintendent of CCJTDC. *Collins is Paxson's supervisor.*" (Pl. Compl. at ¶3) (emphasis added). Even with the deference given to the Plaintiff in reviewing a motion to dismiss, no reading of the Complaint permits a reasonable inference that Collins is an employer, as required by Title VII. Instead, Plaintiff has pled to the contrary. Therefore, Collins is dismissed from Count I and II.

**Motion to Dismiss Count I (Violation of Civil Rights Act) for Failure to State a Cause of Action**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiffs may meet their burden of proof under Title VII by either offering direct proof of discriminatory intent or by showing disparate treatment using indirect evidence. *Contreras v. Suncast Corp.*, 237 F.3d 756, 759 (7th Cir.), *cert. denied*, 122 S.Ct. 62 (2001). Indirect evidence is used to prove disparate treatment through the burden-shifting method outlined by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In order to establish a *prima facie* case under the *McDonnell Douglas* burden-shifting method, a defendant must establish: (1) that he was a member of a protected class, (2) that he was performing his job satisfactorily, (3) that he experienced an adverse employment action, and (4) that similarly situated individuals were treated more favorably. *See Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001).

4

First, Paxson must allege that he was a member of a protected class. Defendant contests that Plaintiff's pleadings, even when construed in the light most favorable to the Plaintiff, are insufficient to allow this Court to find that Paxson belongs to a protected class.

As the Seventh Circuit has noted, if strictly applied, Paxson, and all other plaintiffs in "reverse discrimination" suits, would not meet the requirements of the *prima facie* test. As such, the Seventh Circuit has held that a reverse discrimination plaintiff must make a showing of background circumstances sufficient to demonstrate that they are members of a protected class. Such background circumstances includes allegations that the particular employer at issue has some inclination or reason to discriminate against the majority or allegations that indicate that there is something "fishy" about the facts of the case. *Mills v. Health Care Services Corp.*, 171 F.3d 450, 455-457 (7th Cir. 1999) (*Mills*). Background circumstances "support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Mills*, 171 F.3d at 455, *quoting Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1369 (10th Cir. 1997).

The Seventh Circuit also noted in *Mills* that "if a plaintiff cannot show background circumstances, but 'has established a logical reason to believe that the [employer's] decision rests on a legally forbidden ground,"... he may shift the burden to the defendant to prove the challenged employment action was actually based on legitimate, non-discriminatory reasons." *Mills*, 171 F.3d at 457; *quoting Carson v. Bethlehem Steel Corp.*, 82 F.3d 157 (7th Cir. 1996).

In the instant case, Paxson has sufficiently pled the minimum facts necessary to place Defendants on notice of his claim. The facts alleged, including that he was treated differently than all similarly situated non-white employees and that his allegations of reverse race discrimination and harassment did not get investigated, are enough to provide this Court with the background

5

circumstances necessary to allow Plaintiff to proceed with the Complaint at this stage of the proceedings.

Second, Paxson must allege that he was performing his job satisfactorily. In the Complaint, Paxson states that Collins did not initiate any employee disciplinary actions against him. (Pl. Compl. at ¶10). Under the 12(b)(6) standard of review, and drawing all reasonable inferences in favor of the Plaintiff, Paxson has alleged facts sufficient to support an allegation that his job performance was satisfactory.

Third, Paxson must allege that he suffered a "materially adverse employment action". *Haugerud v. Amery School District*, 259 F.3d 678, 691 (7th Cir. 2001) (*Haugerud*). Defendants argue that Paxson has not suffered an adverse employment action under the standard laid out in *Haugerud*, where the Seventh Circuit found that the plaintiff in that case had not experienced any materially adverse change in the "terms, conditions, or privileges of plaintiff's employment". In making this determination, the Seventh Circuit noted that the plaintiff "has not been disciplined, demoted or terminated; has not been denied wage or employee benefit increases or been given less opportunity for such increases; and has not had her job responsibilities reduced or been made to perform more menial tasks." *Haugerud*, 259 F.3d at 692.

At this stage of the proceedings, this case is easily distinguishable from *Haugerud*. Under the 12(b)(6) standard, as noted above, plaintiffs need not allege all facts underlying their claims. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz*, 122 S.Ct. at 996; *Higgs*, 286 F.3d at 439. In the Complaint, Plaintiff alleges that he has "been deprived of the opportunity for promotion and advancement within CCJTDC and other opportunities within the County of Cook."

Taking all allegations in the Complaint as true, and making all reasonable inferences therefrom, this Court finds that Paxson has sufficiently alleged that he suffered a materially adverse employment action.

Finally, Paxson must allege that similarly situated individuals were treated differently. In the Complaint, Paxson states that he "has been treated differently than non-white employees who are similarly situated by fellow employees." This allegation is sufficient to place Defendants on notice of this aspect of the claim for race discrimination.

Plaintiff has alleged facts sufficient to place Defendants on notice of a claim for race discrimination, and Count I sufficiently states a claim for such discrimination.

**Motion to Dismiss Count II (Racial Harassment)**

Defendants argue that Plaintiff's pleadings insufficiently allege a claim for racial harassment under Title VII because Plaintiff does not plead facts sufficient to establish that any harassment he suffered was based on his race.

Title VII allows a plaintiff to bring a cause of action for racial harassment that creates a hostile or offensive work environment. *See Duhart v. Fry*, 957 F.Supp. 1478, 1491 (N.D. Ill. 1997). For harassment to be actionable under Title VII, the employer's actions must be sufficiently severe or pervasive so as to "alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Faragher v. City of Boca Raton*, 477 U.S. 57, 67 (1986). Title VII is not directed against unpleasantness *per se* but rather against discrimination in the conditions of employment. *Drake v. Minnesota Mining & Mfg. Co.*, 143 F.3d 878, 885 (7th Cir. 1998), quoting *Carr v. Allison Gas Turbine*, 32 F.3d 1007, 1009 (7th Cir. 1994).

As noted above, when ruling on a 12(b)(6) motion to dismiss, this Court may only dismiss the claim if the Plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley*, 355 U.S. at 45-46. Paxson must only plead the bare minimum facts necessary to put Defendants on notice of the claim such that Defendants can file an answer. *See Swierkiewicz*, 122 S.Ct. at 996.

In the instant case, Plaintiff alleges that racial epithets were painted on the walls of his office at CCJTDC's Chicago facility. This factual allegation provides ample support to Paxson's claim of racial harassment. As such, Count III sufficiently states a cause of action.

**Motion to Dismiss Count III (Intentional Infliction of Emotional Distress) for Lack of Jurisdiction**

The Illinois Human Rights Act ("IHRA") contains an exclusive remedy provision, stating: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation." 775 ILCS §5/8-111(C). As a result of this provision, Defendants argue that Illinois state courts and federal courts lack subject matter jurisdiction over Plaintiff's Illinois common law tort claim that is based on the same conduct that constitutes Plaintiff's race discrimination and harassment claims pled in Counts I and II, respectively. Instead, Defendants argue that this tort claim must be brought before the Illinois Human Rights Commission.

Pursuant to Illinois law, the court lacks subject matter jurisdiction to hear tort claims that are inextricably linked to civil rights violations under the IHRA. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 515-516 (1994) (*Geise*). The IHRA includes race-based discrimination in its definition of civil rights violations in the employment context. 775 ILCS 5/2-102(A); 775 ILCS 5/1-103(Q).

8

In *Geise*, the Illinois Supreme Court found that the circuit court did not have jurisdiction over plaintiff's claims of negligent hiring and retention of a manager who sexually harassed the plaintiff because there was "no independent basis [outside the IHRA's prohibition of sexual harassment] for imposing liability on [Plaintiff's] former employer." *Geise*, 159 Ill. 2d at 517. That the plaintiff's claims were framed in terms of "negligent hiring" and "negligent retention" did not "alter the fundamental nature of [plaintiff's] cause of action". *Geise*, 159 Ill. 2d at 518.

Three years later, in *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 519 (1997) (*Tsogalis*), the Illinois Supreme Court clarified its ruling in *Geise*. The plaintiff in *Tsogalis* filed a complaint with the Illinois Human Rights Commission, alleging that she was a victim of sexual assault. Several months later, the plaintiff filed an action for damages, alleging assault, battery, and false imprisonment. The trial court ruled that the plaintiff's claims were barred by the IHRA under *Geise*; the appellate court affirmed. The Illinois Supreme Court, however, reversed the decision, holding:

> that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act. In such a case, the plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act, and therefore the circuit court does have jurisdiction to adjudicate the plaintiff's common law tort claim.

*Tsogalis*, 177 Ill. 2d at 518. Thus, to ascertain whether a tort claim is "inextricably linked" to the discrimination claims, it must be determined whether the plaintiff alleged the elements of the tort claim "without reference to the legal duties created by the IHRA". *Westphal v. City of Chicago*, 8 F.Supp.2d. 809, 812 (N.D. Ill. 1998). The tort claim must be independent of the civil rights laws. *Rapier v. Ford Motor Co.*, 49 F.Supp.2d. 1078, 1080 (N.D. Ill. 1999). The question for this Court

is whether Plaintiff has sufficiently pled a cause of action for IIED, separate and distinct from any duties created by the IHRA.

Under Illinois law, the elements of a claim for intentional infliction of emotional distress are: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did in fact cause severe emotional distress. *Harriston v. Chicago Tribune Co.*, 992 F.2df 697, 702 (7th Cir. 1993), *quoting McGrath v. Fahey*, 126 Ill.2d 78, 86 (1998). In Count III of the Complaint, Paxson alleges that Collins' actions in "covering up illegal and threatening actions undertaken by unknown other parties constitute[s] extreme and outrageous conduct." (Pl. Compl. at ¶24). Additionally, Paxson alleges that these actions "were intentional, and Collins should reasonably have known that such actions would result in Paxson's severe emotional distress." (Pl. Compl. at ¶26). Included in the allegations of conduct by the unknown parties was the "painting of racial epithets and allegations of Klu Klux Klan involvement on the walls of his office at CCJTDC's Chicago facility." (Pl. Compl. at ¶20). While the painting of racial epithets is inextricably linked to Plaintiff's Title VII race harassment claim, Defendants' harassing behavior in relation to his allegations of his involvement in the KKK does not fall under a Title VII protection. Thus, the facts alleged for Plaintiff's IIED claim are distinct from those that arise under the duty created by Title VII. As such, Count III is not dismissed.

**Motion to Dismiss Count III for Failure to State a Cause of Action**

Defendants argue that Plaintiff has insufficiently pled Count III so as to fail to state a claim for intentional infliction of emotional distress.

Under the 12(b)(6) standard repeatedly discussed above, dismissal of the complaint for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001).

As noted above, Illinois law requires the following elements for an IIED claim: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did in fact cause severe emotional distress. *Harriston v. Chicago Tribune Co.*, 992 F.2df 697, 702 (7th Cir. 1993), *quoting McGrath v. Fahey*, 126 Ill.2d 78, 86 (1998).

In his Complaint, Paxson alleges facts that, if proven, could support an IIED claim. (Pl. Compl. at ¶¶24-26). As such, the Motion to Dismiss Count III is denied.

**Motion to Dismiss Plaintiff's Prayer for Punitive Damages**

As part of his prayer for relief following both Count I and Count II, Plaintiff asks this Court to grant punitive damages. Defendants have moved to dismiss Plaintiff's request for punitive damages, arguing that such damages may not be recovered against government entities.

As codified, Title VII permits a plaintiff to recover punitive damages "against a respondent (*other than a government, government agency or political subdivision*) ...." 42 U.S.C. § 1981a(b)(1) (emphasis added); *See Baker v. Runyon*, 114 F.3d 668, 671 (7th Cir. 1997) (holding that punitive damages in Title VII cases are unavailable against government agencies). Accordingly, Plaintiff's request for punitive damages in Counts I and II are dismissed.

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. Defendant Cook County Juvenile Temporary Detention Center is dismissed; Defendant

Clara Collins is dismissed; and Plaintiff's request for punitive damages is dismissed from Counts I and II.

Dated: August 21, 2002

JOHN W. DARRAH
United States District Judge